

**FILED**
**Feb 27, 2019**
**12:52 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **WILLIS T. GOOD,** | ) | **Docket No. 2017-05-0597** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **VICKERS CONCRETE** | ) | **State File No. 99668-2015** |
| **REINFORCING, INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **AIG CAS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER DENYING SUMMARY JUDGMENT

---

This matter came before the Court on Vickers' Motion for Summary Judgment. The central legal issue is whether Mr. Good failed to present evidence that he is entitled to increased permanent partial disability (PPD) benefits, an essential element of his claim. For the reasons below, the Court holds Vickers is not entitled to summary judgment.

### Procedural History

Mr. Good suffered a compensable back injury in December 2015. The court-approved settlement provided that the initial compensation period would expire in September 2018. After the initial compensation period expired, Mr. Good filed a Petition for Benefit Determination seeking increased PPD benefits under Tennessee Code Annotated section 50-6-207(3)(B). Vickers then filed this Motion for Summary Judgment, Mr. Good filed a response, and the Court heard arguments on February 21, 2019.

### Facts

Vickers filed a statement of eighteen undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Mr. Good admitted

1

all of the proposed facts in his response, although he qualified or explained some of the statements. The material undisputed facts are summarized as follows:

1. Mr. Good's hourly rate of pay when he was injured was $23.00.
2. When Mr. Good's initial compensation period ended on September 8, 2018, he was working for Charter Construction.
3. At Mr. Good's request, Charter agreed to pay him at least the same hourly rate he received at Vickers.

Based on these facts, Vickers argued the Court should grant summary judgment because it affirmatively negated an essential element of Mr. Good's claim – that he was not "receiving wages or a salary that is less than 100% of the wages or salary that [he] received from [Vickers] on the date of injury."

Mr. Good filed additional documents in support of his opposition to the motion, including his affidavit and that of Richard Wilson, one of Charter's owners.[1] These affidavits state that:

1. Charter pays Mr. Good an annual salary of "approximately $40,000.00" or $769.23 per week.
2. Mr. Good works approximately thirty hours per week, but his actual hours vary.
3. Charter is aware of Mr. Good's permanent restrictions and modifies his duties accordingly.

Mr. Good argued that he is entitled to either increased PPD benefits under section 50-6-207(3)(B) or "extraordinary" benefits under section 50-6-242. He contended that when his compensation period ended, his wages at Charter were less than the wages he earned at Vickers at the time of injury.

Vickers argued that Mr. Good's hourly rate of pay at Charter was higher than his hourly rate when he was injured. Relying on *Marshall v. Mueller*, 2016 TN Wrk. Comp. App. Bd. LEXIS 74 (July 11, 2016), Vickers contended Mr. Good cannot prove his wages were lower when his compensation period ended, an essential element of his claim for additional PPD benefits.

### Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

---

[1] Mr. Good also submitted vocational expert reports and a physician certification form in support of his claim for "extraordinary" benefits under Tennessee Code Annotated section 50-6-242. Because these documents are not necessary for determination of the Motion for Summary Judgment, the Court will not summarize them here.

As the moving party, Vickers must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Vickers is successful in meeting this burden, the nonmoving party – Mr. Good – must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

The essential element at issue in this case is this: To receive increased PPD benefits, Mr. Good must demonstrate that when his initial compensation period ended, he was "receiving wages or a salary that is less than 100% of the wages or salary that [he] received from [Vickers] on the date of injury." Tenn. Code Ann. § 50-6-207(3)(B).[2]

Mr. Good testified in his deposition that his hourly wage at Vickers was $23.00. However, in the affidavit filed in response to this motion, he also said he worked overtime at $34.50 per hour. Mr. Good's affidavit goes on to state that his total earnings at Vickers for the fifty-two weeks before the injury were $60,526.29. Regarding his earnings at Charter, Mr. Good testified that his hourly rate was $25.00. However, he said in his affidavit that he only worked approximately thirty hours per week and earned only $40,188.42 in the last calendar year.

The question then is how the Court should calculate "wages" as the term is used in section 50-6-207(3)(B). The Appeals Board considered this question in *Marshall* and concluded, "the General Assembly's failure to provide a definition of 'wages' under these circumstances suggests that the interpretation applied under pre-reform law would continue to be applicable to post-reform cases." *Marshall,* at *23.[3]

The pre-reform cases discussed at length in *Marshall* generally held that "wages" did not mean "average weekly wage" but rather the "hourly rate of pay for an employee who is compensated on an hourly basis." *Id*. at *12. However, those cases were predicated on the question of whether the employee returned to work *for the pre-injury employer* at his pre-injury wage. Thus, even though the courts dealt with thorny questions about wages, at least the basic nature of those wages was unlikely to change.

---

[2] This is also the threshold issue for Mr. Good's claim for extraordinary benefits because section 50-6-242 provides that a party seeking those benefits must first "be eligible for increased benefits under § 50-6-207(3)(B)."

[3] The Court is bound by this determination but notes that the General Assembly, in drafting the newer section 50-6-242(a)(2)(C), actually specified the use of the employee's "average weekly wage," while also imposing a requirement based on the holdover language in 50-6-207(3)(B). This apparent conflict, along with the addition of "or salary" in section 50-6-207(3)(B), might suggest a general intent to interpret "wage" as "average weekly wage."

In other words, an employee who was paid on an hourly basis before the injury was still an hourly employee when he returned to work.[4]

Mr. Good, on the other hand, changed employers and claimed that his pay arrangement is much different. Specifically, his affidavits state that he is now a salaried employee who receives the same pay regardless of the hours he works. This raises the question of how the Court should compare his pre- and post-injury earnings. Vickers contended the Court should divide Mr. Good's annual earnings at Charter by the number of hours actually worked to ascertain his hourly rate of pay.

The Court finds the particular language of section 50-6-207(3)(B), which differs from the pre-reform law, suggests a different approach. It provides that Mr. Good might be entitled to additional benefits if he is "receiving . . . *a salary* that is less than *100% of the wages* or salary that [he] received from [Vickers] on the date of injury." (emphasis added). The Court concludes that this provision requires it to simply compare Mr. Good's *total* (100%) wages at Vickers with his total Charter salary.

According to Mr. Good's affidavit, his total wages at Vickers for the fifty-two weeks before "the date of injury" were $60,526.29. His current salary at Charter is $39,999.96, which is less than 100% of his pre-injury wages. If these earnings numbers were proven at a compensation hearing, they would meet the requirements of Section 50-6-207(3)(B). The same would be true even if Mr. Good's overtime earnings were subtracted from his total wages.[5]

Vickers disputed whether Mr. Good is actually a salaried employee based on his deposition testimony that his hourly rate of pay at Charter is $25. However, the Court is required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Having carefully reviewed and considered the evidence in the light most favorable to Mr. Good, the Court finds that Vickers has not demonstrated that Mr. Good's evidence is insufficient at the summary judgment stage to establish he is receiving wages or a salary that is less than 100% of his wages or salary on the date of injury. *See Rye*, 477 S.W.3d at 265. At most, it has identified conflicting testimony regarding a material fact.

Based on the above, the Court finds at least one genuine issue of material fact exists (whether Mr. Good is an hourly or salaried employee) and holds Vickers is not entitled to summary judgment as a matter of law. Therefore, the Court denies the motion.

---

[4] The pre-reform cases generally addressed issues of lack of overtime pay, changes in collective bargaining agreement rates, and plant-wide pay reductions. Even in the post-reform *Marshall* case, the Board dealt with a "summer hours" issue involving an employee who returned to work for the pre-injury employer.

[5] *See King v. Gerdau Ameristeel US, Inc.*, No. W2011-01414-WC-R3-WC, 2012 Tenn. LEXIS 488 (June 25, 2012).

**IT IS SO ORDERED.**

**ENTERED February 27, 2019.**

_____

**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Denying Summary Judgment was sent to the following recipients by the following methods of service on February 27, 2019.

| Name | Certified Mail | Via Email | Service Sent To |
|------|----------------|-----------|-----------------|
| Rick L. Moore, Esq. Employee's Attorney | | X | rmooremh@mooreandhedges.com |
| Gregory H. Fuller, Esq. Employer's Attorney | | X | gfuller@mijs.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]           _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation  $ _____ per month    Child Support  $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe:_____

11. My debts are:

Amount Owed        To Whom

_____    _____

_____    _____

_____    _____

_____    _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____